# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

BELENDA LEE AKINS, Individually, )
and as Surviving Spouse, and as )
Personal Representative of the )
Estate of Brian Dwayne Akins, Deceased, )
)
        Plaintiff, )
)
v. )   Case No. CIV-18-485-R
)
C&J ENERGY SERVICES, INC.; and )
C&J SPEC-RENT SERVICES INC., )
)
        Defendants, )
)
GREAT MIDWEST INSURANCE )
COMPANY, a Texas corporation, )
)
        Intervenor. )

## ORDER

Before this Court is Plaintiff Belenda Lee Akins' Motion for Summary Judgment on Intervenor Great Midwest Insurance Company's ("GMIC") claims. *See* Doc. 52. The issue presented is straightforward and purely legal: is 85A O.S. § 43 unconstitutional under Article 23, Section 7 of the Oklahoma Constitution? Having considered the parties' filings, *see* Docs. 52, 56–57, the Court finds as follows.

**I.**     **Background**

The material facts are uncontested. *See* Doc. 56, at 5. On November 21, 2017, Brian Dwayne Akins was involved in a fatal motor vehicle accident while in the course of his employment with Two Guns Trucking Inc. *See* Doc. 52, at 9. Plaintiff, Mr. Akins' surviving spouse, filed a workers' compensation claim on behalf of herself and her

dependent child, Cody Dale Akins, against Two Guns Trucking and its workers' compensation insurance carrier, GMIC. *See* Doc. 49, at 2; Doc. 51, at 1; *see also* Doc. 52, at 10; Doc. 56, at 5. On May 23, 2018, the Oklahoma Workers' Compensation Commission entered an order awarding death benefits to Plaintiff and her son. *Id*. The Commission awarded to Plaintiff (1) a $100,000 lump sum; (2) weekly benefits of $590.63, starting November 21, 2017, and continuing for so long as Plaintiff meets the statutory eligibility requirements; and (3) funeral expenses. *See* Doc. 52, at 10. The Commission also awarded Cody Akins a $25,000 lump sum and weekly benefits of $126.56, which ran from November 21, 2017, until December 13, 2018, when they were terminated by the Commission. *Id*. GMIC, as Two Guns Trucking's insurance carrier, paid these benefits to Plaintiff and her son, and it continues to pay them to Plaintiff. *See* Doc. 49, at 2; Doc. 51, at 2; Doc. 56, at 5.

Plaintiff also filed a wrongful death action in the District Court of Oklahoma County on May 1, 2018, against Defendants C&J Energy Services, Inc., and C&J Spec-Rent Services, Inc., alleging negligence and gross negligence and seeking wrongful death and punitive damages. *See* Doc. 52, at 10–11. Defendants removed the action to this Court on May 16, 2018. *See* Doc. 1. On March 28, 2019, Plaintiff and Defendants reached a confidential settlement in this suit. *See* Doc. 52, at 10–11; *see also* Order, Doc. 48. Upon hearing of this settlement, GMIC moved to intervene in this case on April 10, 2019, asserting a statutory right of recovery against Defendants, a right of reimbursement against Plaintiff, and/or equitable subrogation and indemnity rights. *See* Doc. 42; *see also* Doc. 52, at 11; Doc. 56, at 6. The Court granted the motion to intervene, GMIC filed its complaint

in intervention, and Plaintiff and Defendants answered. *See* Docs. 48–51. Plaintiff now moves for summary judgment, arguing that the statute grounding Intervenor's claims is unconstitutional. *See generally* Doc. 52.

## II. **Motion for Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must inquire "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). In doing so, the Court construes all facts and reasonable inferences in the light most favorable to the non-moving party. *Macon v. United Parcel Serv., Inc.*, 743 F.3d 708, 712–13 (10th Cir. 2014).

## III. **Discussion**

Plaintiff's sole contention on summary judgment is that 85A O.S. § 43 is unconstitutional under Article 23, Section 7 of the Oklahoma Constitution. Under this constitutional section,

> [t]he right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation, provided however, that the Legislature may provide an amount of compensation under the Workers' Compensation Law for death resulting from injuries suffered in employment covered by such law, in which case the compensation so provided shall be exclusive, and the Legislature may enact statutory limits on the amount recoverable in civil actions or claims against the state or any of its political subdivisions.

Okla. Const. art. XXIII, § 7. The state statutory provision at issue, part of Oklahoma's Administrative Workers' Compensation Act, 85A O.S. § 1 *et seq.*, preserves the right of

an employee's dependents to "make a claim or maintain an action in court against any third party for [the employee's] injury," even where a "claim for compensation against an[] employer or carrier" for that employee's death has been made. 85A O.S. § 43(A)(1)(a). However, where such an action is brought against a third-party tortfeasor, the employer or its compensation insurance carrier "shall be entitled to reasonable notice and opportunity to join in the action." *Id.* § 43(A)(1)(b). "If the employer or employer's carrier join in the action against a third party for injury or death, they shall be entitled to a first lien on two-thirds (2/3) of the net proceeds recovered in the action that remain after the payment of the reasonable costs of collection, for the payment to them of the amount paid and to be paid by them as compensation to the injured employee or his or her dependents." *Id.* § 43(A)(1)(c); *see also id.* at § 43(A)(2) ("The commencement of an action by an employee['s] . . . dependents against a third party for damages . . . shall not affect the rights of the . . . dependents to recover compensation, but any amount recovered by the . . . dependents from a third party shall be applied as follows: . . . (b) the employer or carrier, as applicable, shall receive two-thirds (2/3) of the remainder of the recovery or the amount of the workers' compensation lien, whichever is less . . . .").[1]

---

[1] The Court limits its consideration of Plaintiff's constitutional challenge to subsection (A) of 85A O.S. § 43. While Plaintiff challenges all of Section 43's constitutionality, subsection (B), which deals with subrogation rights of the employer or its compensation insurance carrier, is not relevant here, given this case's procedural posture. *See* 85A O.S. § 43(B)(1) (granting to an employer or carrier "the right to maintain an action in tort against any third party responsible for [an employee's] death"); *see also id.* § 43(B)(3) ("If the employer recovers against the third party, by suit or otherwise, the injured employee shall be entitled to any amount recovered in excess of the amount that the employer and carrier have paid or are liable for in compensation, after deducting reasonable costs of collection."). The parties agree that the underlying wrongful death action by Plaintiff against Defendants has settled. *See* Doc. 50, at 1 ("[C]laims between Plaintiff and Defendants are settled . . . ."); Doc. 52, at 11 ("On March 28, 2019, Plaintiff and Defendants . . . reached a confidential settlement of the wrongful death lawsuit."); Doc. 56, at 5-6; *see also* Order, Doc. 48, at 1 ("Moreover, the parties have represented to the Court that the underlying dispute has been settled . . . ."). As GMIC intervened in this case after Plaintiff and Defendants settled, and did not assert an

In seeking a declaration that a state statute is unconstitutional, Plaintiff faces formidable hurdles:

> In considering the constitutionality of a statute, courts are guided by well-established principles and a heavy burden is cast on those challenging a legislative enactment to show its unconstitutionality. Every presumption is to be indulged in favor of a statute's constitutionality. **A legislative act is presumed to be constitutional and will be upheld unless it is clearly, palpably and plainly inconsistent with the Constitution.** If two . . . interpretations of a statute are possible, only one of which would render it unconstitutional, a court is bound to give the statute an interpretation which will render it constitutional, unless constitutional infirmity is shown beyond a reasonable doubt. The nature of [a] Court's inquiry is limited to constitutional validity, not policy. It is not the place of . . . any court[] to concern itself with a statute's propriety, desirability, wisdom, or its practicality as a working proposition. A court's function, when the constitutionality of a statute is put at issue, is limited to a determination of the validity or invalidity of the legislative provision and a court's function extends no farther in our system of government.

*Lee v. Bueno*, 2016 OK 97, ¶¶ 7-8, 381 P.3d 736, 740 (emphasis added) (citations and paragraph breaks omitted); *see also Lafalier v. Lead-Impacted Communities Relocation Assistance Tr.*, 2010 OK 48, ¶ 15, 237 P.3d 181, 188–89 ("Even though the moving party must show that there is no dispute of fact and that they are entitled to judgment as a matter of law, there is a presumption that every statute is constitutional. . . . We scrutinize a constitutional attack on a statute with great caution and grave responsibility.").

---

independent action against Defendants, only subsection (A) of section 43 is implicated here. Moreover, GMIC makes clear in its response to Plaintiff's summary judgment motion that it is seeking to assert a statutory lien interest against the settlement proceeds. *See* Doc. 56, at 4, 10–11, 18 (arguing that GMIC is "entitled to recover its statutory lien of reimbursement"; that "there is no question that an employer/insurance carrier is entitled to a **statutory lien**, which is not a diminishment of wrongful death damages, but instead is a right and a remedy afforded to an employer/insurance carrier"; and that "Plaintiff cannot avoid the fact that GMIC has a statutory lien" (emphasis original)).

Plaintiff simply has not met her burden. The Court can first quickly dispense with Plaintiff's primary, on-point authority—because it is no authority at all. Plaintiff cites an order in *Rogers v. Sims*, CJ-2015-22, filed in the District Court of Grady County on April 21, 2016, to show that Oklahoma courts have found 85A O.S. § 43 unconstitutional under Article 23, Section 7. *See* Doc. 52, at 22–23; Doc. 57, at 4; *see also* Doc. 52-1. But the Court is barred from relying on this order by Oklahoma Supreme Court rule and state and federal judicial precedent. *See* Okla. Sup. Ct. R. 1.200(c)(5) ("Because unpublished opinions are deemed to be without value as precedent and are not uniformly available to all parties, opinions so marked shall not be considered as precedent by any court or cited in any brief or other material presented to any court . . . ."); *Blue Circle Cement, Inc. v. Bd. of Cty. Comm'rs of the Cty. of Rogers*, 27 F.3d 1499, 1513 (10th Cir. 1994) ("Because under Oklahoma law neither the district court nor our court may rely upon . . . an unpublished opinion, we must disregard that authority."); *Castanon v. Cathey*, No. CIV-18-537-R, 2019 WL 3037056, at *5 n.9 (W.D. Okla. July 11, 2019) ("[U]npublished district court orders are without precedential or persuasive value; thus, neither Plaintiff[] nor this Court may rely upon them."); *Burns v. Cline*, 2016 OK 121, ¶ 3 n.4, 387 P.3d 348, 351 (finding that the parties' citation to unpublished district court judgments violated Oklahoma Supreme Court Rule 1.200(c)). The Court, therefore, cannot and will not consider this order.

Plaintiff also cites several Oklahoma Supreme Court cases to show that subrogation in the workers' compensation context has long been viewed with skepticism. Plaintiff chiefly relies on *Updike Advertising System v. State Industrial Commission*, a 1955

Oklahoma Supreme Court decision holding that "[t]he right of subrogation against a third-party tort-feasor never existed in favor of an employer or [workers' compensation] insurance carrier." 1955 OK 19, ¶ 0, 282 P.2d 759, 761. In other words, any subrogation rights enjoyed by employers or their insurance carriers would need to be statutory. *Id*. The *Updike* petitioners, an employer and its insurance carrier, argued that the then-existing statutory prohibition on subrogation was an unconstitutional deprivation of property without due process. *See id*. ¶ 7, 282 P.2d at 762 (citing 85 O.S. § 44(b), a section of the now-repealed Workmen's Compensation Act, which stated that "[t]here shall be no subrogation to recover money paid by the employer or his insurance carrier for death claims or death benefits under this Act from third (3d) persons"). In finding no constitutional violation, the Court closed its opinion with the following language, onto which Plaintiff latches:

> No doubt the employers who fall within the purview of the Workmen's Compensation Law have paid premiums for accidental death without subrogation; as pointed out above the specific liability for death under the act is exclusive and such employers can no longer be sued under the wrongful death statute . . . . There is no other limitation on the maximum amount that dependent widows and orphans can receive for the death of their husband and father. Any such limitation except in favor of employers falling within the purview of the Workmen's Compensation Act would be unconstitutional. **So, if subrogation had been provided by the Legislature such provision would have to be declared unconstitutional because in conflict with the provision of the constitution which yet inhibits limitation of recovery for wrongful death.**

*Id*. ¶ 17, 282 P.2d at 764–65. Courts have subsequently repeated or paraphrased this language. *See Lee Way Motor Freight, Inc. v. Yellow Transit Freight Lines, Inc.*, 251 F.2d 97, 101 (10th Cir. 1957) ("Moreover, we think that what was said in the Updike case and the cases following it, makes it quite clear that in Oklahoma, an employer or its insurance

7

carrier cannot recover the death benefits from a negligent third person."); *McBride v. Grand Island Exp., Inc.*, 2010 OK 93, ¶ 12, 246 P.3d 718, 721–22 ("Section 44(b) however has no right of subrogation to recover money from third persons paid by the employer or his insurance carrier for death claims or death benefits under the Workers' Compensation Act. The employer or the insurance carrier had no historical right by payment of workers' compensation death benefits to pursue the tortfeasor to recover the workers' compensation death benefits paid because the right to death benefits subrogation was not authorized and was viewed as in conflict with Oklahoma Constitution, Article 23 § 7."); *Earnest, Inc. v. LeGrand*, 1980 OK 180, ¶¶ 16–17, 621 P.2d 1148, 1153–54 (quoting *Updike* and noting that, "[d]ue to the specific prohibition of s[ection] 7 of Art[icle] 23 . . . we do not find the distinction between the right of subrogation in claims involving personal injury and the lack of subrogation in claims involving death benefits to be arbitrary, capricious or unreasonable").

Plaintiff's cited cases show that Oklahoma has no common-law subrogation right for employers or their workers' compensation insurance carriers, and that these entities, until recently, faced a statutory prohibition on subrogation for death benefits against third-party tortfeasors. But what these cases do *not* show is that 85A O.S. § 43 is clearly, palpably, and plainly inconsistent with Article 23, Section 7 of the Oklahoma Constitution. Crucially, these cases dealt with neither the question posed to this Court nor an analogous question. Rather, they involved employers or their insurance carriers challenging state statutory prohibitions on subrogation for death benefits *or* seeking to assert equitable or common-law subrogation or reimbursement rights where none existed. *See Lee Way*, 251

F.2d at 99 (plaintiff, an employer, seeking indemnification for "money it had to pay because of the wrongful death of the employee," in order to evade Oklahoma's statutory bar on subrogation for death benefits); *McBride*, 2010 OK 93, ¶ 17, 246 P.3d at 722 (finding that Oklahoma's prior workers' compensation statute did not give an insurer a right of recovery for death benefits); *Earnest*, 1980 OK 180, ¶¶ 7–8, 13, 621 P.2d at 1150, 1151–53 (finding no statutory right of subrogation in death claims and finding that the bar on such subrogation claims did not constitute an arbitrary and capricious taking); *Updike*, 1955 OK 19, ¶¶ 0, 12, 282 P.2d at 760, 763 (finding no common-law right of subrogation for employers or insurance carriers against third-party tortfeasors and, therefore, concluding that the statutory bar on such subrogation was not constitutionally suspect). Given their factual circumstances, procedural postures, and contested legal issues, Plaintiff's cited cases are inapposite here, and the language Plaintiff relies upon from them is *dicta*. *Am. Trailers, Inc. v. Walker*, 1974 OK 89, ¶ 18, 526 P.2d 1150, 1154 ("Statements in a decision neither necessary to support the conclusion reached nor applicable to the situation are dictum, and not in any way controlling.").[2] Indeed, *Updike*'s language, the wellspring of Plaintiff's arguments about 85A O.S. § 43's constitutionality, is *dicta* twice over: not only are the Oklahoma Supreme Court's musings about the constitutionality of some theoretical statutory subrogation right inessential to its holding, but *all* the language outside the court's syllabus is non-binding given the opinion's date. *See Keota Mills & Elevator v. Gamble*, 2010 OK 12, ¶ 19 n.30, 243 P.3d 1156, 1162 (citing *Robinson v. Okla.*

---

[2] *Dicta* are judicial comments or opinions unnecessary to a court's decision or the opinion's holding—and, therefore, non-binding and nonprecedential. *See Dictum*, Black's Law Dictionary (11th ed. 2019).

*Nephrology Assocs., Inc.*, 2007 OK 2, ¶ 13 n.2, 154 P.3d 1250, 1255) (noting that, when the Oklahoma Supreme Court used syllabi, "the syllabus contained the law of the case and the body of the opinion was merely dictum. The reasoning of the court in the body of the decision was an aid to the interpretation of the law expressed in the syllabus."); *Sampson Const. Co. v. Farmers Coop. Elevator Co.*, 382 F.2d 645, 648 (10th Cir. 1967) (noting that the syllabus in Oklahoma was "the law of the case"). Thus, Plaintiff cannot meet the heavy burden of establishing 85A O.S. § 43's unconstitutionality by relying on non-binding judicial hypotheticals in factually distinguishable cases.[3]

Like the parties, the Court has been unable to locate any Oklahoma caselaw directly addressing the question at issue. However, two state courts have addressed a similar issue—that is, whether a statutory subrogation or lien right in favor of employers or their workers' compensation insurance carriers is constitutional under a state constitutional provision barring abrogation of wrongful death actions or limitations on recoverable damages. In both cases, the courts held that the statutes did not violate the state constitutions. In *Stout v. State Compensation Fund*, 3 P.3d 1158 (Ariz. Ct. App. 2000), the Court of Appeals of Arizona considered a constitutional challenge to a workers' compensation carrier's statutory lien right. Todd Stout was severely injured in an accident at his place of employment, and he later died from his injuries. *Stout*, 3 P.3d at 1159. Debbie Stout, Mr. Stout's wife, and Logan Stout, Mr. Stout's son, received workers' compensation

---

[3] GMIC also points out that Plaintiff's cited cases address subrogation rights, rather than the statutory lien right GMIC purports to assert against the settlement here. *See, e.g.,* Doc. 56, at 8–9 (noting that 85A O.S. § 43 created for the first time a statutory lien right, which post-dates all of Plaintiff's cited cases). As the Court finds Plaintiff's cited authority generally unpersuasive, it need not consider whether there is a material difference between lien rights and subrogation rights in the wrongful death context.

benefits; they filed a lawsuit against a third party after Mr. Stout's death for medical expenses, wrongful death, and loss of consortium. *Id*. at 1159–60. The State Compensation Fund, the workers' compensation carrier that paid benefits to Debbie and Logan Stout, claimed a lien interest for the amount of those benefits. *Id*. On appeal, the Stouts argued, among other issues, that the Fund's lien right could not extend to Ms. Stout's loss of consortium claim without violating the Arizona Constitution. *Id*. at 1164–65.

When a deceased employee's dependents bring an action against a third-party tortfeasor, Arizona's workers' compensation statute "vests the employer's insurance carrier with a lien on any recovery (less reasonable and necessary expenses)" that the dependents "collect[] from the third-party to the extent of the compensation benefits paid by the insurance carrier." *Twin City Fire Ins. Co. v. Leija*, 422 P.3d 1033, 1036 (Ariz. 2018); *see also Stout*, 3 P.3d at 1163 (recognizing that, under Arizona's workers' compensation statute, "the employer or its compensation carrier has a lien" on any recovery from an action brought by a deceased employee's dependents against a third-party tortfeasor). Arizona also has a constitutional provision similar to the one at issue in this case: "Arizona's Constitution guarantees that '[t]he right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation.'" *Stout*, 3 P.3d 1165 (brackets original) (quoting Ariz. Const. art. 18, § 6). The Stouts cited this provision to argue that application of a carrier's statutory lien right against a loss of consortium award would be an unconstitutional limitation on the amount of damages recoverable. *Id*. at 1164–65.

The court of appeals disagreed with the Stouts' argument:

11

> Simply put, a lien on a damages recovery to offset compensation paid is not a limitation on the availability or amount of damages recovered in a third-party action. . . . [T]he statutory lien furthers the legislative purposes of requiring the third party to pay what he would normally pay if there were no workers' compensation, reimbursing the carrier for its compensation expenditure, and allowing the compensation beneficiary to enjoy the excess of the damage recovery over compensation. Thus, when . . . the dependents of a deceased worker recover from a third party, the compensation benefits paid essentially act as an advance against the litigation award; the . . . dependents have the advantage of getting medical payments, lost wages, and other benefits paid early on by the compensation carrier while waiting for tort recovery that may then be used to offset the amounts already paid in order to prevent double recovery.

*Id*. at 1165 (internal quotation marks, citations, and brackets omitted). Moreover, the court held that the classification of the claim as loss of consortium was immaterial: "regardless of the name given to the benefits or damages—whether for loss of consortium, wrongful death, or death benefits—the surviving spouse will receive at least the amount recovered in the third-party action and possibly more if either the compensation benefits eventually exceed the tort award or the award exceeds the benefits paid." *Id*.; *see also id*. at 1164 ("The Fund . . . . has a lien against Debbie Stout's wrongful death and loss of consortium recovery, if any, for benefits that have been and will be paid to her since Mr. Stout's death. . . . [H]er tort recovery may be used to satisfy the liens attributable to the benefits paid to her . . . ."). Accordingly, the court held that article 18, section 6 of Arizona's constitution did not render unconstitutional the compensation carrier's statutory lien interest in a recovery against the third-party tortfeasor.

The Supreme Court of Utah reached a similar conclusion in *Anderson v. United Parcel Service,* 96 P.3d 903 (Utah 2004). Karl Anderson was killed in the course of his employment with the United Parcel Service (UPS). *Anderson*, 96 P.3d at 905. His wife and

two minor children received workers' compensation benefits after his death, and they also filed a wrongful death action against the third-party tortfeasor. *Id*. UPS and Liberty Mutual Insurance Company, UPS's workers' compensation insurance carrier, asserted a statutory right to reimbursement for any recovery the Anderson family obtained from the third-party tortfeasor. *Id*. But in this case, application of the reimbursement right would cause the entire recovery to go to UPS and Liberty Mutual. *Id*. The Andersons argued that this "would be inconsistent with article XVI, section 5 of the Utah Constitution, which prohibits any abrogation of, or statutory limitation on, the right to recover damages for wrongful death." *Id*. at 905–06; *see also* Utah Const. art. XVI, § 5 ("The right of action to recover damages for injuries resulting in death, shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation, except in cases where compensation for injuries resulting in death is provided for by law.").

The court rejected the Andersons' constitutional challenge, holding that "[t]he simple fact that [the statute] dictates how recovery from . . . an action [the Andersons have against a third party] is to be disbursed does not mean that the cause of action itself has been abrogated." *Id*. at 907–08. "Neither does the reimbursement provision act as a statutory limitation on the 'amount recoverable' in an action for injuries resulting in death," because "[n]othing in the statutory language places a limitation on the amount that may be recovered from the third-party tortfeasor." *Id*. at 908. Rather, "[t]he provision only specifies how that amount is to be allocated between the interested parties." *Id*. Thus, the court concluded that "[t]he [statutory] reimbursement provision . . . is a valid legislative

13

enactment that is consistent with both article XVI, section 5 of the Utah Constitution and with the legislative purpose of the [workers' compensation statute] itself." *Id*. at 911.

The reasoning of the Utah and Arizona courts is convincing. 85A O.S. § 43(A) does not limit the "amount recoverable" in a wrongful death action; rather, it is merely an allocative measure, specifying how and to whom the settlement proceeds are distributed. While Plaintiff has presented judicial *dicta* that is no doubt broad, this is insufficient to carry her heavy burden of showing that a statute is unconstitutional. Lacking on-point Oklahoma authority, but persuaded by out-of-state decisions resolving legal issues like those at issue here, the Court finds that Plaintiff has not established that 85A O.S. § 43 is clearly, palpably, and plainly inconsistent with Article 23, Section 7 of the Oklahoma Constitution, and it therefore denies Plaintiff's motion for summary judgment.

## IV.     Request for Certification

Plaintiff requests, in the alternative, that the Court certify the constitutional question outlined above to the Oklahoma Supreme Court. *See* Doc. 52, at 24–27. GMIC objects to certification. *See* Doc. 56, at 18. Plaintiff has also filed a stand-alone Motion to Certify, which GMIC has moved to strike. *See* Docs. 59–60.

The decision to certify a question of law to the Oklahoma Supreme Court rests in this Court's sound discretion. *See Kan. Judicial Review v. Stout*, 519 F.3d 1107, 1120 (10th Cir. 2008). However, "[c]ertification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1235–36 (10th Cir. 2012) (brackets original) (internal quotation marks and citation omitted). Thus, the Tenth Circuit has cautioned against certifying unless the

14

question is "both unsettled and dispositive." *Stout*, 519 F.3d at 1119 (internal quotation marks and citation omitted); *see also LaFever v. State Farm Mut. Auto. Ins. Co.*, No. CIV-11-270-D, 2011 WL 3300670, at *1 (W.D. Okla. Aug. 1, 2011) ("[T]he decision of whether to certify a legal question for decision by a state's highest court requires an assessment of whether the federal case involves sufficiently novel and determinative questions of state law that certification is warranted. . . . [and] whether important state policy interests are implicated." (internal quotation marks and citations omitted)). "[W]here statutory interpretation is at issue, the touchstone of our certification inquiry is whether the state statute is readily susceptible of an interpretation that would avoid or substantially modify the federal constitutional challenge to the statute." *Stout*, 519 F.3d at 1119 (internal quotation marks and citations omitted).

For the reasons stated in Section III, *supra*, the Court, in its sound discretion, declines to certify this question. Accordingly, Plaintiff's request for certification and motion to certify (Doc. 59) are denied, and GMIC's motion to strike (Doc. 60) is denied as moot.

V.  **Conclusion**

For the reasons stated above, the Court does not find 85A O.S. § 43 unconstitutional and so denies Plaintiff's motion for summary judgment. The Court further declines to certify this question; thus, Plaintiff's request and separate motion to certify, along with Defendant's motion to strike, are denied.

IT IS SO ORDERED this 7th day of August, 2019.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE